1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

                          ----oo0oo----

11

12   LARRY A. AMBLER,
                                    NO. CIV. S 05-1198 MCE PAN
13           Plaintiff,

14       v.                         MEMORANDUM AND ORDER

15   UNITED STATES OF AMERICA,

16           Defendant.

17                        ----oo0oo----

18

19       Plaintiff, Larry A. Ambler, is seeking $1,646.56 in damages

20   arising from the miscarriage of his mail by the United States

     Postal Service ("USPS").  Plaintiff originally filed his claim in
21
     the Superior Court of California, Small Claims Division, against
22
     postal employee Glen Perez ("Perez").  The Government has removed
23
     to this Court and is requesting that it be substituted as
24
     defendant pursuant to 28 U.S.C. section 2679(d)(2).[1]  The
25
     Government has also moved to have this action dismissed pursuant
26

27       [1]The Attorney General has certified that Perez was acting
     within the scope of his employment.  Accordingly, removal and
28   substitution are proper.

                                    1

1  to Federal Rule of Civil Procedure 12(b)(1).  Plaintiff failed to

2  file any opposition to the Government's motion.  Having

3  considered the papers submitted and the entire record herein, the

4  Court grants the Government's motion.[2]

5

6                           **BACKGROUND**

7      On November 6, 1989, an application for a Post Office Box or

8  Caller Service was filed by Mr. Robert Julius Chatman, Pastor,

9  Faith Temple Community Church, ("Chatman") to rent a Post Office

10  Box at the USPS Broadway Station in Sacramento, California.  At

11  all times relevant, Plaintiff was not listed as an authorized

12  user on Chatman's Post Office Box.

13      On April 3, 2005, the Broadway Station post office received

14  a letter for Plaintiff.  The letter listed Plaintiff as the

15  addressee, but listed Chatman's Post Office Box as the delivery

16  address.  Since Plaintiff was not an authorized user of the Post

17  Office Box, a USPS employee forwarded the letter to its central

18  forwarding service.  Once there, it was determined that Plaintiff

19  had no forwarding order on file and the letter was promptly

20  returned to the Broadway Station post office.

21      During the interim, Plaintiff discussed the matter with

22  Perez wherein Perez told Plaintiff that he was not an authorized

23  user on the Post Office Box and would need to provide

24  identification to obtain his mail.  On April 7, 2005, Plaintiff

25  and Chatman visited the Broadway Station post office and obtained

26

27      [2]Because oral argument would not be of material assistance,
   this matter was deemed suitable for decision without oral
28  argument.  E.D. Local Rule 78-230(h).

1 the letter.  On or about May 6, 2005, Plaintiff initiated this
2 action seeking damages for late fees, rent and undue mental
3 stress.

4                              **STANDARD**

5      In moving to dismiss for lack of subject matter jurisdiction
6 pursuant to Rule 12 (b)(1), the challenging party may either make
7 a "facial attack" on the allegations of jurisdiction contained in
8 the complaint or can instead take issue with subject matter
9 jurisdiction on a factual basis ("factual attack").  <u>Thornhill</u>
10 <u>Publishing Co. v. General Tel. & Elect. Corp.</u>, 594 F.2d 730, 733
11 (9th Cir. 1979); <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549
12 F.2d 884, 891 (3d Cir. 1977).  If the motion constitutes a facial
13 attack, the Court must consider the factual allegations of the
14 complaint to be true.  <u>Williamson v. Tucker</u>, 645 F.2d 404, 412
15 (5th Cir. 1981); <u>Mortensen</u>, 549 F.2d at 891.  If the motion
16 constitutes a factual attack, however, "no presumptive
17 truthfulness attaches to plaintiff's allegations, and the
18 existence of disputed material facts will not preclude the trial
19 court from evaluating for itself the merits of jurisdictional
20 claims."  <u>Thornhill</u>, 594 F.2d at 733 (quoting <u>Mortensen</u>, 549 F.2d
21 at 891).

22      If the Court grants a motion to dismiss a complaint, it must
23 then decide whether to grant leave to amend.  Generally, leave
24 to amend should be denied only if it is clear that the
25 deficiencies of the complaint cannot be cured by amendment.
26 <u>Broughton v. Cutter Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980).
27 ///
28 ///

**ANALYSIS**

The United States, as sovereign, is immune from suit save as it consents to be sued, [citations omitted], and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.  United States v. Sherwood, 312 U.S. 584, 586 (1941).

With respect to claims of lost or mislaid mail, not only has the Government withheld its consent to be sued, it has expressly barred such suits.  Specifically, the postal miscarriage provision of the Federal Tort Claims Act ("FTCA") bars "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b).  Plaintiff's exclusive claim in this action is that the Broadway Station post office, and Perez in particular, mislaid his mail causing him injury.  Because such claims are expressly barred, Plaintiff's suit must be dismissed for lack of subject matter jurisdiction.

///
///
///
///
///
///
///
///
///
///
///

4

**CONCLUSION**

For the reasons explained above, the Government's Motion to Dismiss based on lack of subject matter jurisdiction is GRANTED. Because amendment would not cure the defect in jurisdiction, Plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED: August 3, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE